# EXHIBIT R

## Tolling Agreement

This Tolling Agreement ("Agreement") is made and entered into effective as of August 26, 2014 (the "Effective Date") by Matthew Bissonnette ("Bissonnette"), Kevin Podlaski ("Podlaski"), Carson Boxberger, LLP (the "Firm") Collectively, Podlaski and the Firm are referred to as the "Lawyers."

Bissonnette claims that the Lawyers acted as legal counsel for him with respect to certain matters and that he has alleged certain claims (the "Claims") for deviations from the standards of care with respect to their representation of him. The Lawyers deny all Bissonnette's allegations and any deviations from the standard of care in their representation of Bissonnette. The parties wish to have adequate time to investigate and discuss the matter.

Therefore, in consideration of the mutual promises stated in this Agreement, the parties agree as follows:

(1) The time period between the Effective Date (defined above) and the Termination Date (defined below in paragraph (2)) shall not be included in any calculation for determining the applicability of any statute of limitations, laches, or any other defense based on the lapse of time (the "time-based defenses") in any action or proceeding brought by any party to this Agreement against any other party to this Agreement arising out of or in connection with the Claims. The calculation for running of time for all time-based defenses shall commence again on the Termination Date, unless additional agreements are signed by the parties or this Agreement is amended to extend the Termination Date. The period between the date of this Agreement and the Termination Date (together with any future extensions of the Termination Date) is referred to herein as the "Tolling Period."

(2) The Termination Date for this Agreement (the "Termination Date") shall be the earlier of: 1) November 30, 2014; or 2) the thirtieth (30th) day after any party provides written notice of intent to terminate this Agreement pursuant to the terms of the Agreement.

(3) Nothing in this Agreement shall affect any defense that is or was available to any party prior to the Effective Date of this Agreement, and this Agreement shall not be deemed to revive any claim that is or was already barred prior to the Effective Date of this Agreement. Nothing in this Agreement, or in the circumstances which gave rise to this Agreement, shall be construed as an

acknowledgement or argued by any party that any claim has or has not been barred, or is about to be barred, by any time-based defenses.

(4) During the tolling period, Bissonnette shall make no effort to publicize the Claims or otherwise make or cause to be made any disparaging remarks about the Lawyers. Bissonnette agrees that if he is approached by the any broadcast, print, or any media of any form he will refrain from making any comment, remark, criticism, or statements that identify, confirm the identity of, or reference the Lawyers. Further, he will not participate in any social media broadcast that references the Lawyers. Any violation of this provision will void this agreement as if it had not existed and the statute of limitations had not been tolled on the date of such violation. It is, however, understood that Bissonnette is entitled to the normal investigation and due diligence appropriate for the development and prosecution of the claims by someone in his position and such action shall not violate his obligations hereunder. Any communications by Mr. Bissonnette or his agents with representatives of the Department of Justice, Department of Defense, representatives of any United States Attorney's office or representatives of the Federal Bureau of Investigation shall not constitute a violation of this provision.

(5) During the Tolling Period, the Lawyers shall not file their own lawsuit or otherwise interfere with or deprive Bissonnette of his rights as a plaintiff to select the appropriate venue and jurisdiction for the assertion of the Claims at such time as he may decide to file a lawsuit to assert the Claims. This provision does not intend to deprive or constitute a waiver of any kind for the Lawyers to assert any defense or challenge to venue or jurisdiction.

(6) This Agreement shall not operate as an admission of liability by any party. Neither this Agreement nor any action taken pursuant to this Agreement shall be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing by any party or for any purpose except to seek to enforce the provisions of this Agreement or to prove the applicability or non-applicability of a time-based defense.

(7) All notices, demands, requests, and other communications required or permitted by this Agreement must be: (a) in writing; (b) delivered to the party's designated representative at the address below, or to another person, or at another address, designated in a notice delivered in a manner permitted by this paragraph; and (c) delivered (i) in person (*e.g.*, hand delivery by courier or overnight delivery service), (ii) by facsimile transmittal (fax), or

2

(iii) by United States mail, registered or certified, postage fully prepaid, return receipt requested. Any notice given by fax also must be given by another means permitted by this paragraph. Notice delivered in person, by fax, or by mail will be effective when actually received, and any properly mailed notice (even if not actually received) will be will be deemed received on the 3rd day after its deposit in a regularly maintained receptacle for the United States mail.

Written notice of termination shall be sent to the following addresses:

To Bissonnette: c/o Coyt Randal Johnston, Esq.
Johnston Tobey, P.C.
3308 Oak Grove Avenue
Dallas, TX 75204
Facsimile: 214.741.6248
Email: randy@jtlaw.com

To Podlaski: c/o Robert L. Shannon, Jr.
Hall Booth Smith
191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303-1775
Email: rshannon@hallboothsmith.com

To the Firm: c/o Robert L. Shannon, Jr.
Hall Booth Smith
191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303-1775
Email: rshannon@hallboothsmith.com

Any party may change the address by which it should be given notice by giving written notice of the change of address to the other(s) and its counsel at the above addresses by registered mail, return receipt requested. Upon the Termination Date, the parties may agree in writing to further extend the Tolling Period.

3

(7) This Agreement comprises the entire agreement of the parties with respect to the tolling of any time-based defenses; and this Agreement may be modified, amended, or supplemented only by a written instrument signed by all affected the parties. Any additional or amended agreements shall be considered in combination with this Agreement and shall not be considered as replacing or nullifying this Agreement or nullifying or reducing the Tolling Period provided for in this Agreement.

(8) Each undersigned party represents, warrants, and states that all legal action necessary for the effectuation of the intent of this Agreement and the execution of this Agreement has been validly taken, that the parties are properly named, and that the individuals whose signatures appear below on behalf of each party are duly authorized to execute this Agreement on behalf of their respective parties.

(9) No party to this Agreement shall destroy, or cause or permit to be destroyed, any document or tangible thing in the possession, custody or control of the party that relate to the Alleged Representation.

(10) This Agreement shall be interpreted in accordance with the substantive law of Indiana, without application of choice of law rules.

[Signatures on next page]

4

_____
Matthew Bissonnette, Individually


**Carson Boxberger LLP**

By_____
Name: Timothy Pape
Title: Partner


_____
Kevin Podlaski, Individually


**Hall Booth Smith, PC**

By _Robert L. Shannon, Jr._ /JIS
Name: Robert L. Shannon, Jr.
Title: Partner

5

---

Matthew Bissonnette, Individually

**Carson Boxberger LLP**

By: *[signature]*
Name: Timothy Pape
Title: Partner

*[signature]*
Kevin Podlaski, Individually

**Hall Booth Smith, PC**

By *Robert L. Shannon, Jr. /JIS*
Name: Robert L. Shannon, Jr.
Title: Partner

5